## THE STATE OF TEXAS

FILED DE
DISTRICT CLERK OF
JEFFERSON CO TEXAS
B-0208598_-_00004
11/30/2021 11:18 AM
JAMIE SMITH
DISTRICT CLERK
B-208598

No.  B-0208598

KEMP PROPERTIES LLC ET AL
VS.  GREAT LAKES INSURANCE SE

## CITATION BY MAILING

## 60 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: **GREAT LAKES INSURANCE SE**
   **BY SERVING ITS REGISTERED AGENT EDWARD SMITH,MENDES & MOUNTY**

by serving at:
**750 SEVENTH AVENUE**
**NEW YORK, NY    10019 6826**

DEFENDANT:

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.  Said answer may be filed by E-filing through efiletexas.gov, if represented by an attorney; or if filed pro se by delivering or mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 15th day of October, 2021.  It bears cause number B-0208598 and is styled:

Plaintiff:

**KEMP PROPERTIES LLC ET AL**

VS.

**GREAT LAKES INSURANCE SE**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff, if pro se) is:

**MINDIOLA, TRAE, Atty.**
**PO BOX 131635**
**HOUSTON, TX    77092 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)   accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 18th day of November, 2021.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY: _____   Deputy

Erin

## RETURN OF SERVICE

B-0208598                60 th JUDICIAL DISTRICT COURT

KEMP PROPERTIES LLC ET AL

GREAT LAKES INSURANCE SE

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _Great Lakes Insurance SE_ on the _23rd_ day of

_Nov_ , 20 _21_ .

_Jamie Smith_ , Officer

_Jefferson_ , County, Texas

By: _____ , Deputy

**ADDRESS FOR SERVICE**:

GREAT LAKES INSURANCE SE
BY SERVING ITS REGISTERED AGENT EDWARD SMITH, MENDES & MOUNTY
750 SEVENTH AVENUE

NEW YORK, NY 10019 6826

### OFFICER'S RETURN

Came to hand on the _30th_ day of _November_ , 20 _21_ , at _____ , o'clock ____.m., and executed in
_Jefferson_ , County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation by Mailing at the following times and
places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| _Great Lakes Insurance SE_ | _Nov 23, 2021 5:35am_ | _750 Seventh Ave, New York, NY 10019_ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_CMRRR_ _____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES**:

Serving Petition and Copy $ _75_

Total                      $ _75_

_Jamie Smith_ , Officer

_Jefferson_ , County, Texas

By: _____ , Deputy

Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:

"My name is _____ , my date of birth is _____ , and my address is
                        (First, Middle, Last)

_____ .

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ , County, State of _____ , on the _____ day of _____ .

_____

Declarant/Authorized Process Server

_____

(Id # expiration of certification)

 Page 3 of 34 PageID #: 10

JAMIE SMITH
DISTRICT CLERK, JEFFERSON COUN
1085 PEARL ST RM 203
BEAUMONT, TX 77701-3545

**RETURN RECEIPT (ELECTRONIC)**

**9214 8901 0661 5400 0169 0249 43**

**B-208598**

C/O EDWARD SMITH, MENDES & MOUNTY
GREAT LAKES INSURANCE SE
750 7TH AVE
**NEW YORK, NY 10019-6834**

.................... CUT / FOLD HERE ....................

**Zone 6**

.................... 6"X9" ENVELOPE
CUT / FOLD HERE ....................

.................... CUT / FOLD HERE ....................

IMphCertified8x5Label v2016.00.20.01

**UNITED STATES**
**POSTAL SERVICE**

November 23, 2021

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 0661 5400 0169 0249 43**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | November 23, 2021, 5:35 am |
| **Location:** | NEW YORK, NY 10019 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | C O EDWARD SMITH  MENDES   MOUNTY |

| Recipient Signature | |
| --- | --- |
| Signature of Recipient: | X  mike Dawson <br> mike Dawson |
| Address of Recipient: | 70-7th |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional
assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

The customer reference information shown below is not validated or endorsed by the
United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000169024943
B-208598
C/O EDWARD SMITH, MENDES & MOUNTY
Great Lakes Insurance SE
750 7th Ave
New York, NY  10019-6834

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/15/2021 12:09 PM
JAMIE SMITH
DISTRICT CLERK
B-208598

CAUSE NO. B208598

| | | |
|---|---|---|
| KEMP PROPERTIES, LLC #1 | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| GREAT LAKES INSURANCE SE, | § | |
| ALACRITY SOLUTIONS GROUP, LLC | § | |
| AND DIANA BLACKWELL | § | |
| Defendants. | § | 60th JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION,
REQUESTS FOR DISCLOSURE TO DEFENDANTS AND
REQUESTS FOR PRODUCTION TO DEFENDANT GREAT LAKES SE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Kemp Properties, LLC #1 (hereinafter sometimes referred to as "Plaintiff or Kemp"), and files this original petition against Defendants Great Lakes Insurance SE ("Great Lakes") Diana Blackwell ("Blackwell") and Alacrity Solutions Group, LLC ("Alacrity") collectively known as ("Defendants") and for cause of action would show the following:

**I.
DISCOVERY CONTROL PLAN**

Plaintiff intends for discovery to be conducted pursuant to Level 3 of the Texas Rules of Civil Procedure. Plaintiff seeks damages in excess of $2,000,000.

**II.
PARTIES & PROPERTY**

1. Plaintiff is Kemp Properties, LLC. ("Plaintiff") Plaintiff is the owner of forty-one insured properties located in Jefferson County (See Attached Exhibit A). The insured properties suffered extensive roof and interior damage as a result of a hurricane that traveled through Jefferson County, TX on or about August 27, 2020. The insurance policies at issue are policy No. GRLP0473 and GRLP0477 ("Policies").

2. Defendant Great Lakes is a foreign insurance company engaged in the business of insurance in the State of Texas, Including Jefferson County, Texas. This defendant may be served with process by serving its registered agent for service, Edward Smith, Mendes and Mounty, 750 Seventh Avenue, New York, New York, 10019-6826.

3. Defendant Alacrity is a multi-lines claims adjusting firm engaged in the business of adjusting insurance claims in the State of Texas, including Jefferson County, Texas. This defendant may be served by serving its registered agent Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

4. Defendant Diana Blackwell is an insurance adjuster licensed to adjust claims and engaging in the business of insurance in the State of Texas, including Jefferson County, TX. This Defendant may be served at 601 N. Park Blvd., Apt # 1607, Grapevine, TX 76051.

### III.
### JURISDICTION

5. The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limit of the Court. Plaintiff contends that the jury is the sole decision maker on the amount of damages suffered by Plaintiff, but as required by Texas Rules of Civil Procedure 47, Plaintiff seeks more than $2,000,000.

6. The Court has jurisdiction over Defendants because Defendants engaged in the business of insurance in the State of Texas and Jefferson County, Texas and the cause of action arises out of Defendants business of adjusting insurance claims in the State of Texas and Jefferson County, Texas.

**IV.**
**VENUE**

7. Venue is proper in Jefferson County, Texas because the insured Properties are situated in Jefferson County, Texas. Tex. Civ. Prac. & Rem. Code. § 15.032. The damage to Plaintiff's Properties for which it made claims to Defendant Great Lakes for insurance proceeds was incurred in Jefferson County, Texas, as a result of a hurricane that traveled through Jefferson County, Texas.

8. Defendant Great Lakes retained Defendant Alacrity to adjust Plaintiff's claims.

9. Defendant Alacrity assigned Plaintiff's claims to Defendant Diana Blackwell to oversee.

10. Plaintiff makes claims of unfair claims handling practices. The claims were not properly adjusted by Defendants whom conducted claim handling activities in Jefferson County, Texas. This case involves deceptive claims handling practices that occurred in Jefferson County, Texas.

**V.**
**FACTS**

11. Plaintiff was assigned Commercial Policy Numbers: GRLP0473 and GRLP0477, issued by Great Lakes ("POLICIES"). Plaintiff's properties are located at various addresses in Jefferson County, TX. ("PROPERTIES") (See Attached Exhibit A).

12. Great Lakes sold the Policy, insuring the Properties that are the subject of this lawsuit. Plaintiff suffered significant losses with respect to the Properties at issue and suffered additional expenses as a result of the hurricane that traveled through Jefferson County, Texas.

13. Plaintiff submitted claims to Great Lakes with the date of loss on or about August 27, 2020, for damages to the Properties. The damage to Plaintiff's Properties are extensive.

14. Great Lakes assigned Claim Numbers to the Properties. (See Attached Exhibit A).

15. Plaintiff filed claims for exterior and interior damage to the Properties.  Specifically, Plaintiff filed a claim for roof damage and interior damage as a result of the hurricane.

16. Great Lakes assigned the claims to Defendant Alacrity to adjust.  Defendant Alacrity assigned the claims to Defendant Blackwell to oversee the adjustment of the claims.

17. Defendants wrongfully denied and minimized Plaintiff's claims for repairs to the Properties. Defendants wrongfully denied and minimized Plaintiff's claims for repairs even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendants bad faith adjustment of the claim has resulted in Plaintiff not being fully compensated in full for the damages sustained by the Plaintiff because Defendants conducted an inadequate investigation.  As such, Plaintiff has not been fully paid for the damage to the Properties.

18. Specifically, Defendants misrepresented to Plaintiff the damage to the roofs on the Properties and the interior of the Properties.  Defendants knew the roofs suffered irreparable damage, but refused to recommend the insurer pay to replace the roofs.  Defendants were also aware that because the roofs suffered damage there was interior damage as well.  Defendants conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060 (a)(1).

19. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendants were aware of its liability to Plaintiff under the Policies.  Defendants conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code. § 541.060(a)(2)(A).

20. Defendants failed to explain to Plaintiff the reasons for not recommending the Defendant Great Lakes pay the claims.  Specifically, Defendants failed to offer Plaintiff adequate compensation,

without any explanation why full payments were not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policies, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claims.  Defendants conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code. § 541.060(a)(3).

21. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time, despite Plaintiff's continuously requesting Defendants to make his position as the adjuster for the claim known. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants.  Defendants conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code. § 541.060(a)(4).

22. Defendants refused to recommend the insurer fully compensate Plaintiff for the damage to Plaintiff's roofs and interior under the terms of the Policies, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's roof and interior claims which resulted in a biased, unfair and inequitable evaluation of Plaintiff's property damage and losses.   Defendants conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7).

23. Defendants knowingly and/or recklessly made false representations, as described above, as material facts and/or knowingly concealed all or part of material information from Plaintiff regarding the damage to Plaintiff's roofs and interiors.

24. As a result of the Defendants wrongful acts and omissions, Plaintiff was forced to retain the attorneys who are representing Plaintiff in this cause of action.

## VI.
## CAUSES OF ACTION

### VIOLATIONS OF THE TEXAS INSURANCE CODE

25. Paragraphs 1 through 24 are incorporated by reference.

26. Defendants conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

27. Defendants unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, particularly damage to the roofs of the Property, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(1) and 541.061.

28. Defendants unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(2)(A) and 541.061.

29. Defendants unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. Sections 541.051, 541.060(3) and 541.061.

30. Defendants unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of Plaintiff's claims or to submit a reservation of right to Plaintiff,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(4) and 541.061.

31. Defendants unfair settlement practice, as described above, of refusing to recommend payment of Plaintiff's claim without conducting a reasonable investigation of the roofs of the Properties constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. INS. CODE Section 541.051, 541.060(7) and 541.061.

32. Thus, Defendants were engaging in unfair settlement practice by:

    a. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability had become reasonably clear;

    c. Failing to promptly provide Plaintiff a reasonably explanation of the basis in the policy, in relation to the facts or applicable law, for Defendants denial of a claim or offer of a compromise settlement of a claim; and/or

    d. Each of the aforementioned unfair settlement practices was committed knowingly by Defendants and was a producing cause of Plaintiff's damages. Defendants are therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542**

33. Paragraphs 1 through 32 are incorporated by reference.

34. Defendants conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

7

35. Defendants failure as described above, to commence an investigation of the claim, and request from Plaintiff all items, statements, and forms they reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claim. TEX. INS. CODE Sections 542.055-542.060.

36. Defendants denial and delay to recommend payment of Plaintiff's claim, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. TEX. INS. CODE Sections 542.055-542.060.

## BREACH OF CONTRACT

37. Paragraphs 1 through 36 are incorporated by reference.

38. Defendant Great Lakes conduct, as described above, constitutes a breach of the insurance contract entered into between Plaintiff and Defendant Great Lakes.

39. Defendant Great Lakes and Plaintiff entered into an insurance contract in which Defendant Great Lakes agreed to pay for direct physical loss of or damage to the covered property described in the declarations caused by or resulting from a covered cause of loss. Plaintiff suffered such a loss as a result of a hurricane which was a covered loss under the terms of the insurance contract. Defendant Great Lakes breached the contract by refusing to pay Plaintiff for the damages to the Properties as a result of the hurricane.

40. Defendant Great Lakes and the other Defendants failed to conduct a reasonable investigation of the damage to Plaintiff's Properties as a result of the tornado and wind. Defendants performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claims.

8

41. Defendant Great Lakes failed to pay Plaintiff amongst other things for direct physical loss to the exterior and interior of the Properties as a whole.

42. Defendant Great Lakes failed to pay Plaintiff amongst other things for direct physical loss to the roofs and interior of the Properties.

43. Defendant Great Lakes failure and refusal, as described above, to pay the adequate compensation as it is obligated to do so under the terms of the policy in question and under the laws of the State of Texas, constitutes a material breach of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

44. Defendant Great Lakes breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

**VIOLATIONS OF THE TEXAS INSURANCE CODE**

45. Paragraphs 1 through 44 are incorporated by reference.

46. Defendant Great Lakes conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

47. Defendant Great Lakes unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, particularly damage to the roofs and interior of the Properties, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(1) and 541.061.

9

48. Defendant Great Lakes unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant Great Lakes liability under the policies was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(2)(A) and 541.061.

49. Defendant Great Lakes unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policies, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. Sections 541.051, 541.060(3) and 541.061.

50. Defendant Great Lakes unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of Plaintiff's claims or to submit a reservation of right to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(4) and 541.061.

51. Defendant Great Lakes unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. INS. CODE Section 541.051, 541.060(7) and 541.061.

52. Defendants Alacrity and Blackwell adjusted the claim for Defendant Great Lakes. Defendants Alacrity and Blackwell were charged with investigating the claims and communicating with the Plaintiff about the policy terms and damage to the insured properties. Insurance adjusters are "persons engaged in the business of insurance" under the Texas Ins. Code 541.001, *et. seq.*,

and are individually liable for their violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Ins.*, 966 S.W. 2d 482, 486 (Tex. 1998).

53. Defendants Alacrity and Blackwell were tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claims, including discovering covered damage and fully quantifying covered damages to Plaintiff's insured Properties.

54. Defendants Alacrity and Blackwell conducted a substandard, results-oriented inspection of the Properties.  As a result, Defendants Alacrity and Blackwell failed to discover covered damages and/or fully quantify covered damage to Plaintiff's Properties, as the Policies and Texas law requires.

55. Thus, Defendants were engaged in unfair settlement practice by:

   e.  Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   f.  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability had become reasonably clear;

   g.  Failing to promptly provide Plaintiff a reasonably explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant Great Lakes denial of a claim or offer of a compromise settlement of a claim; and/or

   h.  Each of the aforementioned unfair settlement practices was committed knowingly by Defendants Alacrity and Blackwell were a producing cause of Plaintiff's damages. Defendants Alacrity and Blackwell are therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

## FRAUD

56. Paragraphs 1 through 55 are incorporated by reference.

11

57. Defendants are liable to Plaintiff for common law fraud.

## CONSPIRACY TO COMMIT FRAUD

58. Paragraph 1 through 57 are incorporated by reference.

59. Defendants are liable to Plaintiff for conspiracy to commit fraud.

60. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

61. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, there causing Plaintiff to suffer injury and constituting common law fraud.

## KNOWLEDGE AND INTENT

62. Paragraphs 1 through 61 are incorporated by reference.

63. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally" by Defendants with conscious indifference to the harm that would result to Plaintiff and were producing causes of Plaintiff's damages described herein.

## VII.
## REQUEST FOR DISCLOSURE

64. Paragraphs 1 through 63 are incorporated by reference.

65. Pursuant to TRCP Rule 194, Plaintiff requests that all Defendants disclose the materials described   in TRCP Rule 194.2.

## VIII.
## REQUESTS FOR PRODUCTION

66. Paragraph 1 through 65 are incorporated by reference.

67. Plaintiff serves these requests for production pursuant to Rule 196 of the Texas Rules of Civil

Procedure and makes demand upon Defendant Great Lakes to respond on the 50th day after service of Plaintiff's petition with production of responsive materials at the offices of the undersigned attorney for Plaintiff:

## DEFINITIONS

"**PLAINTIFF**," means **Kemp Properties, LLC #1**, Insured, Plaintiff's agents, representatives, and all other persons acting in concert with Plaintiff, or under Plaintiff's control, including any attorney.

"**DEFENDANT**," means **Great Lakes Insurance SE**, agents, representatives, and all other persons acting in concert with Defendant, or under Defendant's control, including any attorney.

"**CLAIMS**" means the insurance claim at issue in this lawsuit described in Plaintiff's live complaint, which occurred on or about August 27, 2020 and assigned various Claim Numbers. (See Exhibit A).

"**DOCUMENT**" means any medium upon which intelligence or information can be recorded or retrieved including, without limitation, any written, typed, graphic, electronic, magnetic or printed matter in its entirety (including any addenda, supplements, amendments, revisions, exhibits and appendices thereto, and includes its original form or copies, whether identical or non-identical, together with any copies bearing notations, memoranda, or other written information not on the originals, regardless of origin and location). This includes, without limitation, the original and each copy, including all non-identical copies, regardless of origin and location, of any agreements, contracts, deeds, bills of sale, promissory notes, deeds of trust, security agreements, leases and other instruments or documents of title, communications sent or received, correspondence, letters, papers, telegrams, teletypes, telexes, telefaxes, facsimiles, cables, memoranda of all kinds to and from any persons, agencies or entities, summaries, records, recordings, notes or writings of any conferences, meetings, visits, statements, interviews or telephone conversations, minutes, summaries, notes, recordings, records or other writings of in person or telephonic meetings and conferences, summaries or other records and notes of negotiations, diaries, diary entries, logs, calendars, appointment books, time records, visitor records, analysis, surveys, studies, forecasts, statistical data, statistical statements, compilations, tabulations, summaries, work sheets, work papers, notes, drafts, stenographic or handwritten notes, marginal notations, messages, telephone message slips, telephone bills or records, telephone record books, graphs, maps, charts, drawings, specifications, manuals, blueprints, parts lists, consultants' reports, appraisals, brochures, advertising, agendas, bulletins, announcements, instructions, notice, books, articles, speeches, newspaper clippings, pamphlets, schedules, publications, circulars, trade letters, press releases, bills, statements, profit and loss statements, tax returns, expense reports, vouchers, files, balance sheets, deposit slips, withdrawal slips, bank account statements, bank account reconciliations, accounting journals and ledgers, wire transfers, signature cards, corporate resolutions, letters of credit and other sources of financial data, envelopes or folders or similar containers, minutes, minute books, transcripts of hearings, transcripts of testimony, affidavits, recommendations, commentaries, conclusions, advice, evaluations, results, tests, records of administrative, technical and financial actions taken or recommended, microfilm, microfiche, tape or disc recordings, voice

13

recordings, video tapes, video records, film, tape, photographs, punch cards, data processing cards, printouts, computer tapes or discs or printouts, programs, software and their accompanying user manuals, and data compilations from which information can be obtained or translated into usable form (including matter used in data processing) and any other writings of whatsoever description, kind or character, whether originals or reproductions, including, but not limited to, any information contained in any computer, although not yet printed out, and all other writings the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested, which is in your possession, custody or control or which was, but is not longer, in your possession, custody or control.

The term "document" also includes, without limitation, electronically stored information generated and/or stored on your computers, including e-mail and/or deleted e-mail, data compilations, servers, web pages, word processing files, audio and video files, images, computer databases, or on storage media, including hard drives (external and internal), floppy disks, back-up tapes and media, thumb drives, CD-ROMS, DVDs and voice mail systems. A draft or non-identical copy is a separate document within the meaning of this term. To the extent that any of the documents responsive to these demands originate from electronic files, those files are to be produced in native format. Pursuant to Tex. R. of Evid., Plaintiffs are specifically requesting Defendant's electronic information.

The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced.

The terms "document" and "documents" further includes all matter within the foregoing description that is or are in the possession, control or custody of you, or in the possession, control or custody of any attorney for you

"IDENTIFY" or "IDENTIFICATION":

a.    When used in reference to a person, "*identify*" or "*identification*" means to state his/her full name, present or last known residence address, present or last known business address and telephone number.

b.    When used in reference to a public or private corporation, governmental entity, partnership or association, "*identify*" or "*identification*" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

c.    When used in reference to a document, "*identify*" or "*identification*" shall include statement of the following:

(1)    the title, heading, or caption, if any, of such document;

(2)    the identifying number(s), letter(s), or combinations thereof, if any; and the significance or meaning of such number(s), letter(s), or combination

14

thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(3)    the date appearing on such documents; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(4)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(5)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared;

(6)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addresses, to whom such document, or a copy thereof, was sent; and

(7)    the physical location of the document and the name of its custodian or custodians.

"**PARTY**" means any party to this lawsuit, including each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control.

"**PERSON**" means individuals, associations, partnerships, corporations, and any other type of entity or institution.

"**CONTRACT**" means the contract at issue in this lawsuit described in Plaintiff's live pleading.

"**PROPERTY**" means the real properties, improvements, structures, appurtenant structures and contents described in Plaintiff's live pleading, at the following address: See Attached Exhibit A.

"**WRITING**" means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, together with any form of communication or other representation which would constitute a writing within the meaning of the Tex. R. of Evid.

## FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT GREAT LAKES SE

1.    Please produce a certified copy of Policy Numbers GRLP0473 and GRLP0477, including, but not limited to all endorsements, riders, exclusions, coverage sheets and declaration pages.

2.  Please produce a copy of the non-privileged portions of the insurance claims file prepared prior to the date on which Defendant contends it reasonably anticipated litigation on this Claim.

3.  All manuals, guidelines and procedures for underwriting, writing, and issuing commercial policies for commercial buildings as it relates to our client's contract.

4.  All documents relating to any and all due diligence, investigations, property inspections and/or repair estimates performed either in connection with the issuance of our clients' contract and/or the evaluation of their claims.

5.  The entire underwriting file for the Insured.

6.  All inspection reports and pictures regarding all properties in Exhibit A prior to August 2020.

7.  All inspection reports and pictures regarding all properties in Exhibit A after August 2020.

8.  All pre-policy inspection reports and pictures prior to Defendant binding coverage for Plaintiff's properties listed in Exhibit A.

9.  All documents showing the date upon which you first received notice of the Claims.

10.  All written notices of the Claims received by you.

11.  The document(s) showing the date you first acknowledged receipt of Plaintiff's notice of the Claims.

12.  The document(s) wherein you first acknowledged receipt of notice of the Claims.

13.  The document(s) showing the date you first notified Plaintiff in writing of the acceptance or rejection of the Claims, or your inability to accept or reject the Claims.

14.  The document(s) showing the date(s) you requested Plaintiff to provide information to evaluate the Claims.

15.  The document(s) first requesting Plaintiff to provide information to evaluate the Claims.

16.  All documents supporting any contention by you that Plaintiff did not provide you with information you requested to evaluate the Claims.

17.  All documents that are, or evidence every payment made by you to Plaintiff for the Claims.

18.  All documents that describe the coverage under which any payments for the Claims made by you from Plaintiff were made (i.e. roof damage, structural damages, appurtenant structural damage, contents/personal property, additional living expenses, or other coverage).

16

19. All documents used by you to determine Plaintiff's pre-loss condition.

20. All pictures of Plaintiff's pre-loss condition.

21. All documents that describe Plaintiff's pre-loss condition.

22. All documents supporting any contention by you that Plaintiff failed to comply with any condition precedent to Plaintiff's recovery for the Claims.

23. All documents used to determine the reasonable and customary prices for Plaintiff's geographic area.

24. All documents showing the date you first anticipated that litigation relating to the Claims would be commenced against you by Plaintiff.

25. All documents showing the reasonable and customary prices for Plaintiff's geographic area.

26. All communications and documents exchanged between you and Plaintiff, including Plaintiff's attorney regarding the Claims.

27. All communications and documents exchanged between you and any third-party regarding the Claim.

28. All of your non-privileged internal communications and documents regarding the Claims.

29. Activity logs relating to the Claims.

30. Materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate the Claims, prepared by you or on your behalf.

31. Claims files you have reviewed and/or obtained regarding the Property.

32. Records or documents you reviewed and/or obtained regarding the Property.

33. Records you received, including those obtained by way of deposition by written questions, regarding the Property.

34. Reports and other documents from governmental agencies or offices regarding the Property or containing officially kept information regarding the Property.

35. Documents reflecting or relating to your decision to pay or deny additional living expenses to or on behalf of Plaintiff.

36. Documents, including correspondence and checks, exchanged between you and any and all vendors concerning the Claim.

17

37.     Documents relating to the assignment of the Claim to any claims adjuster.

38.     Documents, including contracts, rules, guidelines and/or instructions exchanged between you and Plaintiff and any other entities with whom you worked or communicated regarding the Claim or the Property.

39.     Records reflecting payment to Plaintiff concerning the Claim.

40.     Copies of the front and back of all checks paid for the Claim.

41.     E-mails regarding the investigation, adjusting and/or handling of the Claim.

42.     True and complete copies of all billing records from any and all independent adjusters regarding the Claim.

43.     Reports, documents or correspondence containing the names and locations of all adjusters who have worked on the Claim.

44.     True and complete copies of all bills and/or invoices, including the time sheets or documentation used to justify the bills and/or invoices, from any independent adjusters that worked on the Claim.

45.     Documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions that you contend applied to the Claim.

46.     Documents reviewed by any consulting expert retained by you whose work has been reviewed and/or relied upon by any testifying expert retained by you.

47.     Documents reviewed by, rejected by, or relied upon by any testifying expert retained by you.

48.     If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you content precludes the information from being discovered.

49.     Indemnity agreement between you and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

50.     Copies of job descriptions of employees that adjusted, or in any way supervised, the handling of the Claims.

51.     Reports, documents or correspondence containing names of designated individuals who gave testimony on your behalf as a corporate representative or Person Most Knowledgeable for property claims, property damage, hurricane damage, catastrophe, water damage, roof

and/or wind damage for the hurricane.

52. Please produce documents which Defendant contends support or evidence each of its contentions that it reasonably anticipated litigation on this Claims.

53. Please produce settlement offers made by Defendant to Plaintiff regarding this Claims.

54. Other than the photographs, videotapes or electronic images produced by Defendant in response to the above listed Requests for Production, please produce a color copy of any and all photographs, videotapes, electronic images and/or diagrams which concern any issues raised by the pleadings in this case.

55. A copy of Examinations Under Oath or recorded statements pertaining to this Claims.

56. Please produce statements of Plaintiff, as well as any statements of any party to this lawsuit and any person with knowledge of relevant facts.

57. In the event the claim is being handled by the insurance carrier on a reservation of rights, please produce communications from the carrier relevant to such reservation.

58. Please produce exhibits, models, visual aids, experiments, documents, or other writings or any item of demonstrative evidence that will be used in the trial of this lawsuit.

59. Please produce documents and correspondence between Defendant, its employees, agents and representatives and Plaintiff regarding the Claims from the time when Defendant first received written notice of the Claims through the date of the filing of this lawsuit.

60. If Defendant contends it was or is unable to accept or reject the Claims, produce a copy of all documents in which Defendant notified Plaintiff of the reasons the Defendant needs additional time.

61. Produce documents in which Defendant contends it notified Plaintiff that it will pay the Claims or part of the Claims.

62. Please produce documents which Defendant contends support the basis of its decision not to pay the amounts demanded by Plaintiff in settlement of the claims made the basis of this lawsuit.

63. Documents relating to any and all due diligence, investigations, property inspections and/or repair estimates performed either in connection with the issuance of our clients' policies and/or the evaluation of their Claims.

64. Correspondence, including e-mails, exchanged between Rick Dearing and Defendant regarding the Claims.

19

65.     Correspondence, including e-mails, exchanged between Rick Dearing and Alacrity regarding the Claims.

66.     All correspondence, including e-mails, exchanged between Ken Kelly or Bailey Preddy or Aaron Camp or Trevor Linhart or Jimmy Romero and Justice Claims regarding the Claims.

67.     All correspondence, including e-mails, exchanged between Ken Kelly or Bailey Preddy or Aaron Camp or Trevor Linhart or Jimmy Romero and Diana Blackwell regarding the Claims.

68.     All correspondence, including e-mails, exchanged between Rick Dearing and Diana Blackwell regarding the Claims.

69.     All non-privileged documents in Defendant's possession regarding the Claims.

70.     Engineering reports regarding the Claims.

71.     Pictures, video(s), diagrams, drawings regarding the Claims.

72.     Documents regarding the damage, repair and replacement cost for the roofs on the properties

73.     Produce documents in Defendant's possession regarding wear and tear at the Properties prior to August 2020.

74.     Produce documents in Defendant's possession regarding deferred maintenance prior to August 2020.

75.     Produce documents in Defendant's possession regarding moisture intrusion within the damaged Properties prior to August 2020.

76.     Produce documents in Defendant's possession regarding deficiencies and/or deferred maintenance of the roofs on the Properties prior to August 2020.

77.     Produce documents in Defendant's possession regarding deficiencies and/or deferred maintenance of the roof components on the Properties prior to August 2020.

78.     Produce records of payments/checks for the Claims, including the date the payments were ordered, the dates the checks were drafted and the address where the checks were sent.

79.     Produce communications between Alacrity and Great Lakes regarding payments for the Claims.

**VIII.**

20

## DAMAGES AND PRAYER

68. Paragraphs 1 through 67 are incorporated by reference.

69. Plaintiff, complains of Defendants and prays Defendants be cited to appear and answer and on the final trial of the merits, Plaintiff recovers from Defendants the following:

70. Plaintiff would show that all of the above-mentioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

71. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including, but not limited to, direct and indirect consequential damages, mental anguish, court cost and attorney's fees.

## JURY DEMAND

Plaintiff demands a jury trial and has tendered the appropriate fee.

Respectfully submitted,

By:

James Carlos Canady
Texas State Bar No.: 24034357
2323 South Shepherd Drive, Suite 805
Houston, TX 77019
Telephone No.: (713) 221-2551
Facsimile No.: (713) 221-2552
Email: ccanady@canadylawfirm.com

**ATTORNEY FOR PLAINTIFF**

21

# EXHIBIT A



| Property | Policy # | Claim # | Status |
|---|---|---|---|
| 3133 South Drive Groves, TX | GRLP0473 | 2020-03450 | Supp submitted 1/30/21-No response. |
| 3216 Youman Drive Nederland, TX | GRLP0473 | 2020-03453 | Supp submitted 1/30/21-No response. |
| 832 S. 15th Street Nederland, TX | GRLP0473 | 2020-03456 | No estimate provided. |
| 1315 Avenue K Nederland, TX | GRLP0473 | 2020-03458 | Supp submitted 1/30/21-No response. |
| 416 3rd Street Nederland, TX | GRLP0473 | 2020-03460 | Supp submitted 1/30/21-No response. |
| 4339 Asbury Port Arthur, Tx | GRLP0473 | 2020-03461 | No estimate provided. |
| 215A/B Hill Terrace Nederland, TX | GRLP0473 | 2020-03462 | Supp submitted 1/30/21-No response. |
| 1424 S. 12th Street Nederland, TX | GRLP0473 | 2020-03464 | Supp submitted 1/30/21-No response. |
| 2416 Avenue A Nederland | GRLP0473 | 2020-03465 | Supp submitted 1/30/21-No response. |
| 3130 D Lake Arthur Drive Port Arthur | GRLP0473 | 2020-03466 | Supp submitted 1/30/21-No response. |
| 3130B Lake Arthur Drive Port Arthur | GRLP0473 | 2020-03467 | No estimate provided. |
| 3130 C Lake Arthur Drive Port Arthur | GRLP0473 | 2020-03468 | Supp submitted 1/30/21-No response. |
| 3130 A Lake Arthur Drive Port Arthur | GRLP0473 | 2020-03470 | Supp submitted 1/30/21-No response. |
| 410/412 N. 6th Street Nederland, TX | GRLP0473 | 2020-03473 | Supp submitted 1/30/21-No response. |
| 406/408 N. 6th Street Nederland, TX | GRLP0473 | 2020-03477 | Supp submitted 1/30/21-No response. |
| 320/322 N. 6th Street Nederland, TX | GRLP0473 | 2020-03482 | Supp submitted 1/30/21-No response. |
| 316/318 N. 6th Street Nederland, Tx | GRLP0473 | 2020-03483 | No estimate provided. |
| 3011 Avenue M Nederland, TX | GRLP0473 | 2020-03484 | Supp submitted 1/30/21-No response. |
| 2524 1/2 11th Street Port Neches | GRLP0473 | 2020-03486 | No estimate provided. |
| 2524 11th Street Port Neches | GRLP0473 | 2020-03486 | Supp submitted 1/30/21-No response. |
| 2812 W. Boston Avenue | GRLP0473 | 2020-03487 | Supp submitted 1/30/21-No response. |
| 122/124 Atlanta Avenue Nederland | GRLP0477 | 2020-03560 | Supp submitted 1/30/21-No response. |
| 3125 North Drive Groves | GRLP0477 | 2020-03561 | Supp submitted 1/30/21-No response. |
| 2302 1st Street Port Neches | GRLP0477 | 2020-03562 | We accept as written. |
| 3404/3406 Avenue E Nederland, TX | GRLP0477 | 2020-03563 | Supp submitted 1/30/21-No response. |
| 3408/3410 Avenue E Nederland, TX | GRLP0477 | 2020-03564 | Supp submitted 1/30/21-No response. |
| 1911 Avenue F Nederland,TX | GRLP0477 | 2020-03565 | Supp submitted 1/30/21-No response. |
| 213 Hill Terrace Nederland, TX | GRLP0477 | 2020-03566 | Supp submitted 1/30/21-No response. |
| 3623 Avenue E Nederland, TX | GRLP0477 | 2020-03567 | Supp submitted 1/30/21-No response. |
| 2358 64th Street Port Arthur | GRLP0477 | 2020-03568 | Supp submitted 1/30/21-No response. |
| 1612 Avenue B Nederland,TX | GRLP0477 | 2020-03569 | Supp submitted 1/30/21-No response. |
| 1602 Avenue B Nederland, TX | GRLP0477 | 2020-03571 | Supp submitted 1/30/21-No response. |
| 1608 Avenue B Nederland, TX | GRLP0477 | 2020-03572 | Supp submitted 1/30/21-No response. |
| 2911 Avenue G Nederland, TX | GRLP0477 | 2020-03573 | No estimate provided. |
| 2406 Avenue E Nederland, TX | GRLP0477 | 2020-03574 | Supp submitted 1/30/21-No response. |
| 1308 N 20th Street Nederland, TX | GRLP0477 | 2020-03575 | No estimate provided. |
| 135 Atlanta Nederland, TX | GRLP0477 | 2020-03576 | Supp submitted 1/30/21-No response. |
| 3408 Avenue M Nederland,TX | GRLP0477 | 2020-03577 | Supp submitted 1/30/21-No response. |
| 515 Atlanta Avenue Nederland, TX | GRLP0477 | 2020-03580 | No estimate provided. |
| 711 S. 18th Street Nederland, TX | GRLP0477 | 2020-03581 | Supp submitted 1/30/21-No response. |
| 906 Wagner Port Neches, TX | GRLP0473 | 2020-03930 | Supp submitted 1/30/21-No response. |
| 135 Chicago Nederland, TX | GRLP0477 | 2020-03931 | Supp submitted 1/30/21-No response. |

CAUSE NO. B-0208598

| | | |
|---|---|---|
| KEMP PROPERTIES, LLC # 1 | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| GREAT LAKES INSURANCE SE, | § | 60TH JUDICIAL DISTRICT |
| ALACRITY SOLUTIONS GROUP, LLC, | § | |
| and DIANA BLACKWELL | § | |
| | § | |
| *Defendants.* | § | JEFFERSON COUNTY, TEXAS |

## DEFENDANT GREAT LAKES INSURANCE SE'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, GREAT LAKES INSURANCE SE (hereinafter "Defendant") files its Original Answer as follows:

### GENERAL DENIAL

1.     At this time, Defendant asserts a General Denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Court and Jury require Plaintiff to prove Plaintiff's claims, charges, and allegations by that standard of evidence as required by the Constitution and Laws of the State of Texas and the Constitution and Laws of the United States of America.

### AFFIRMATIVE AND SPECIFIC DEFENSES

2.     Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of Plaintiff.

3.     Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third

parties or persons or entities over whom Defendant has no right of control nor for whom Defendant is legally responsible.  Accordingly, Defendant is entitled to a jury instruction on sole proximate cause and new and independent or superseding cause.

4.      Pleading further and in the alternative, Defendant would show that, in the event it is found liable to Plaintiff, any such liability being expressly denied, then, in that event, Defendant is entitled to a reduction for the negligence, liability, fault, or other conduct which is attributable to any other party in accordance with the Doctrine of Comparative Fault or Causation as enunciated by the Supreme Court of the State of Texas.

5.      Pleading further and in the alternative, Defendant says that it is entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and any defendant herein or any other person or entity not a party to this litigation.  Further, Defendant would assert the affirmative defenses of accord and satisfaction, release, payment, credit, offset, res judicata, excessive demand, collateral estoppel, waiver and laches, as provided under Rule 94 of the Texas Rules of Civil Procedure.

6.      Pleading further and in the alternative, Defendant would show that, in the event it is found liable to Plaintiff, any such liability being expressly denied, Defendant is entitled to contribution, credit, and/or indemnity, as provided by the laws and statutes of the State of Texas, including, but not limited to, the provisions of Chapter 32 and Chapter 33 of the Texas Civil Practice and Remedies Code, as well as other applicable laws and statutes.

7.      Defendant would further show that, to the extent applicable, it has fully complied with all provisions, terms, and conditions set forth in the policy of insurance made the basis of this action.

8.      Defendant would further show that Plaintiff has failed to meet the conditions of the policy made the basis of this action.

9.      Defendant would further show that the policy made the basis of this action contains terms and conditions expressly excluding the coverage sought by Plaintiff.

10.     Pleading further and in the alternative, Defendant would show that Plaintiff has failed to mitigate its damages.

11.     Further answering and without waiving the foregoing, Defendant would show that certain acts or omissions of Plaintiff were relied upon by Defendant.  Therefore, Defendant asserts the affirmative defense of estoppel.

12.     Further answering and without waiving the foregoing, Defendant would show that the imposition of punitive, treble, or exemplary damages upon Defendant for the allegations made by Plaintiff violates the contract clause of Article I, Section 20, Clause I of the Constitution of the United States of America, the equal protection clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the due process Clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the excessive fines clause contained in the Eighth Amendment of the Constitution of the United States of America, the illegal seizures clause contained in the Fourth Amendment of the Constitution of the United States of America, the deprivation of property without due process clause contained in the Fifth Amendment of the Constitution of the United States of America, the excessive fines clause contained in Article I, Section 13 of the Constitution of the State of Texas, and the contract clause in Article I, Section 16 of the Constitution of the State of Texas.

13.     Further answering and without waiving the foregoing, Defendant would show that the insurance policy made the basis of this lawsuit was negotiated between parties of equal bargaining power and that no "special relationship" existed so that no duty of good faith and fair dealing could arise from the contract made the basis of this lawsuit.

14.     For any claims for punitive damages and/or pre-judgment interest, Defendant

3

invokes the limitations on punitive damages and prejudgment interest contained in Sections 41.007 and 41.008 of the Texas Civil Practice and Remedies Code.  Pursuant to Section 41.008 of the Texas Civil Practice and Remedies Code, such limitations may not be known to the jury.

15.     Pleading further and in the alternative, and with respect to Plaintiff's fraud claims, Defendant would show that, to the extent applicable, any alleged representations Defendant made amounted to mere opinion, judgment, probability, or expectation, and are thus not actionable as misrepresentations.

16.     Defendant gives notice to all parties that Defendant intends to use any and all documents that are produced by a party against that party and/or others in any pretrial proceedings or a trial pursuant to Tex. R. Civ. P. 193.7 without the necessity of authenticating the documents.

17.     Defendant respectfully demands a trial by jury on all contested issues of fact.

## PRAYER

WHEREFORE, Defendant prays that Plaintiff's suit against it be dismissed at Plaintiff's cost and that the Court grant all other and further relief, both special and general, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH

*/s/ Jake Kauffman       (w/p)*
Les Pickett
  State Bar No. 15980520
  lpickett@gallowaylawfirm.com
Jake Kauffman
  State Bar No. 24080594
  jkauffman@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – telephone
(713) 599-0777 – facsimile

4

**ATTORNEYS FOR DEFENDANT,**
**GREAT LAKES INSURANCE SE**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing has been served via electronic service, in accordance with the Texas Rules of Civil Procedure, to all known counsel of record on this the 20th day of December, 2021.

*/s/ Jake Kauffman*
Les Pickett
Jake Kauffman

5

CAUSE NO. B-0208598

| | | |
|---|---|---|
| KEMP PROPERTIES, LLC #1 | § | IN THE DISTRICT COURT OF |
|    Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| GREAT LAKES INSURANCE SE, | § | |
| ALACRITY SOLUTIONS GROUP, LLC | § | |
| AND DIANA BLACKWELL | § | |
|    Defendants. | § | 60TH JUDICIAL DISTRICT |

**ORDER GRANTING MOTION TO DISMISS**

Pursuant to the Motion to Dismiss filed by Plaintiff Kemp Properties, LLC #1 as evidenced by the signature below of its duly authorized counsel of record, it is ORDERED that all claims raised by Plaintiff, Kemp Properties, LLC #1 in the above-captioned action against Defendant Alacrity Solutions Group, LLC and Defendant Diana Blackwell (ONLY), are hereby dismissed with each party bearing its own costs.

SO ORDERED, this the __24th__ day of __February_____, 2022.

_____
HONORABLE JUDGE SANDERSON

Respectfully submitted,

**THE CANADY LAW FIRM**



By:     James Carlos Canady_____
        James Carlos Canady
        Texas State Bar No.: 24034357
        2323 South Shepard Drive, Suite 805
        Houston, TX 77019
        Telephone No.: (713) 221-2551
        Facsimile No.: (713) 221-2552
        Email: ccanady@canadylawfirm.com