---

**UNITED STATES DISTRICT COURT**      **EASTERN DISTRICT OF TEXAS**

---

| | |
|---|---|
| KEMP PROPERTIES, LLC #1 §<br>    Plaintiff §<br> §<br> §<br>*versus* §<br> §<br>GREAT LAKES INSURANCE SE, §<br>ALACRITY SOLUTIONS GROUP, LLC §<br>AND DIANA BLACKWELL §<br>    Defendants. § | CIVIL ACTION NO. 1:22-CV-79 |

<u>**PLAINTIFF'S AMENDED COMPLAINT**</u>

COMES NOW, Plaintiff, Kemp Properties, LLC #1 (hereinafter sometimes referred to as "Plaintiff or Kemp"), and files this amended complaint against Defendants Great Lakes Insurance SE ("Great Lakes") (Defendant Great Lakes has accepted responsibility for Diana Blackwell ("Blackwell") and Alacrity Solutions Group, LLC ("Alacrity")) and for cause of action would show the following:

**I.**
<u>**DISCOVERY CONTROL PLAN**</u>

Plaintiff intends for discovery to be conducted pursuant to Level 3 of the Texas Rules of Civil Procedure.  Plaintiff seeks damages in excess of $1,000,000.

**II.**
<u>**PARTIES & PROPERTY**</u>

1.  Plaintiff is Kemp Properties, LLC. ("Plaintiff") Plaintiff is the owner of forty-one insured properties located in Jefferson County (See Attached Exhibit A).  The insured properties suffered extensive roof damage as a result of a hurricane that traveled through Jefferson County, TX on or about August 27, 2020.  The insurance policies at issue are policy No.

GRLP0473 and GRLP0477 ("Policies").

2.  Defendant Great Lakes is a foreign insurance company engaged in the business of insurance in the State of Texas, Including Jefferson County, Texas.  This Defendant has already been served.

3.  Defendant Alacrity is a multi-lines claims adjusting company engaged in the business of adjusting insurance claims in the State of Texas, including Jefferson County, Texas.  No service is needed.

4.  Defendant Diana Blackwell is an insurance adjuster licensed to adjust claims and engaging in the business of insurance in the State of Texas, including Jefferson County, TX.  No service is needed

### III.
### JURISDICTION

5.  The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limit of the Court.  Plaintiff contends that the jury is the sole decision maker on the amount of damages suffered by Plaintiff, but as required by Texas Rules of Civil Procedure 47, Plaintiff seeks more than $1,000,000.

6.  The Court has jurisdiction over Defendants because Defendants engaged in the business of insurance in the State of Texas and the cause of action arises out of Defendants business of adjusting insurance claims in the State of Texas.

### IV.
### VENUE

7.  Venue is proper in Jefferson County, Texas because the insured Properties are situated in Jefferson County, Texas.  Tex. Civ. Prac. & Rem. Code. § 15.032. The damage to Plaintiff's Properties for which it made claims to Defendant Great Lakes for insurance proceeds was

incurred in Jefferson County, Texas as a result of a hurricane that traveled through Jefferson County, Texas.

8. Defendant Alacrity was the adjusting firm handling the claim for Great Lakes.

9. Defendant Cross Claims was the adjusting firm that employed Defendant Diana Blackwell.

10. Plaintiff makes claims of unfair claims handling practices and the claim made the basis of this suit was adjusted, if it was properly adjusted, by Defendants whom conducted claim handling activities in Jefferson County, Texas.  This case involves deceptive claims handling practices that occurred in Jefferson County, Texas.

## V.
## FACTS

11. Plaintiff was assigned Commercial Policy Numbers: GRLP0473 and GRLP0477, issued by Great Lakes ("POLICIES").  Plaintiff's properties are located at various addresses in Jefferson County, TX.  ("PROPERTIES") (See Attached Exhibit A).

12. Great Lakes sold the Policy, insuring the Properties that are the subject of this lawsuit.  Plaintiff suffered significant losses with respect to the Properties at issue and suffered additional expenses as a result of the hurricane that traveled through Jefferson County, Texas.

13. Plaintiff submitted claims to Great Lakes with the date of loss on or about August 27, 2020, for damages to the Properties.  The damage to Plaintiff's Properties is extensive.

14. Great Lakes assigned Claim Numbers to the Properties.  See Attached Exhibit A).

15. Plaintiff filed a claim for exterior damage to the Properties.  Specifically, Plaintiff filed a claim for roof damage and interior damage as a result of the hurricane.

16. Great Lakes assigned the claims to Defendant Alacrity to adjust.  Defendant Alacrity assigned the claims to Defendant Blackwell.

17. Defendants wrongfully denied and minimized Plaintiff's claims for repairs to the Properties. Defendants wrongfully denied and minimized Plaintiff's claims for repairs even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendants bad faith adjustment of the claim has resulted in Plaintiff not being fully compensated in full for the damages sustained by the Plaintiff because Defendants conducted an inadequate investigation.  As such, Plaintiff has not been fully paid for the damage to the Properties.

18. Specifically, Defendants misrepresented to Plaintiff the damage to the roofs on the Properties. Defendants knew the roofs suffered irreparable damage, but refused to recommend the insurer pay to replace the roofs.  Defendants conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060 (a)(1).

19. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendants were aware of its liability to Plaintiff under the Policy.  Defendants conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code. § 541.060(a)(2)(A).

20. Defendants failed to explain to Plaintiff the reasons for not recommending the insurer pay the claims.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payments were not being made.  Furthermore, Defendants did not communicate that any future settlement or payments would be forthcoming to pay for the entire loss covered under the Policies, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claims.  Defendants conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code. § 541.060(a)(3).

21. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time, despite Plaintiff's continuously requesting Defendants to make his position as the adjuster for the claim known. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants.  Defendants conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code. § 541.060(a)(4).

22. Defendants refused to recommend the insurer fully compensate Plaintiff for the damage to Plaintiff's roofs and interior under the terms of the Policies, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's roof and interior claims which resulted in a biased, unfair and inequitable evaluation of Plaintiff's property damage and losses.   Defendants conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code § 541.060(a)(7).

23. Defendants knowingly and/or recklessly made false representations, as described above, as material facts and/or knowingly concealed all or part of material information from Plaintiff regarding the damage to Plaintiff's roofs and interiors.

24. As a result of the Defendants wrongful acts and omissions, Plaintiff was forced to retain the attorneys who are representing Plaintiff in this cause of action.

## VI.
## CAUSES OF ACTION

### VIOLATIONS OF THE TEXAS INSURANCE CODE

25. Paragraphs 1 through 24 are incorporated by reference.

26. Defendants conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

27. Defendants unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, particularly damage to the roofs of the Property, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(1) and 541.061.

28. Defendants unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(2)(A) and 541.061.

29. Defendants unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. Sections 541.051, 541.060(3) and 541.061.

30. Defendants unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of Plaintiff's claims or to submit a reservation of right to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(4) and 541.061.

31. Defendants unfair settlement practice, as described above, of refusing to recommend payment of Plaintiff's claim without conducting a reasonable investigation of the roofs of the Properties

constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE Section 541.051, 541.060(7) and 541.061.

32.  Defendants unfair settlement practice, as described above, by failing to pay the undisputed amount on claims, despite informing Plaintiff on several occasions the undisputed amount payments were being made and that the payments would be tendered.  TEX. INS. CODE Section 541.051, 541.060(7) and 541.061.

33. Thus, Defendants were engaging in unfair settlement practice by:

    a.  Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue; and

    b.  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability had become reasonably clear; and

    c.  Failing to promptly provide Plaintiff a reasonably explanation of the basis in the policy, in relation to the facts or applicable law, for Defendants denial of a claim or offer of a compromise settlement of a claim; and

    d.  Informing Plaintiff that undisputed amounts would be paid and then failing to pay Plaintiff the undisputed amounts; and

    e.  Each of the aforementioned unfair settlement practices was committed knowingly by Defendants and was a producing cause of Plaintiff's damages.  Defendants are therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542**

34. Paragraphs 1 through 33 are incorporated by reference.

7

35. Defendants conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Chapter 542.  All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

36. Defendants failure as described above, to commence an investigation of the claim, and request from Plaintiff all items, statements, and forms they reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claim.  TEX. INS. CODE Sections 542.055-542.060.

37. Defendants denial and delay to recommend payment of Plaintiff's claim, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. TEX. INS. CODE Sections 542.055-542.060.

## BREACH OF CONTRACT

38. Paragraphs 1 through 37 are incorporated by reference.

39. Defendant Great Lakes conduct, as described above, constitutes a breach of the insurance contract entered into between Plaintiff and Defendant Great Lakes.

40. Defendant Great Lakes and Plaintiff entered into an insurance contract in which Defendant Great Lakes agreed to pay for direct physical loss of or damage to the covered property described in the declarations caused by or resulting from a covered cause of loss.  Plaintiff suffered such a loss as a result of a tornado and wind which was a covered loss under the terms of the insurance contract.  Defendant Great Lakes breached the contract by refusing to pay Plaintiff for the damages to the Properties as a result of the tornado and wind.

41. Defendant Great Lakes failed to conduct a reasonable investigation of the damage to Plaintiff's Properties as a result of the tornado and wind.  Defendants performed an outcome-oriented

investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claims.

42. Defendant Great Lakes failed to pay Plaintiff amongst other things for direct physical loss to the exterior and interior of the Properties as a whole.

43. Defendant Great Lakes failed to pay Plaintiff amongst other things for direct physical loss to the roofs and interior of the Properties.

44. Defendant Great Lakes contractually agreed and failed to pay Plaintiff for undisputed damages. Defendant Great Lakes discovered undisputed damage on some of some of the Properties. Defendant Great Lakes acknowledged it owed undisputed payments for damage to the Properties and on numerous occasions said the money would be paid but has never paid.

45. Defendant Great Lakes breached its contractual obligation by refusing to provide Plaintiff with estimates of damages for all the insured Properties.  Plaintiff has requested the estimates of damage of several occasions, but Defendant Great Lakes filed to produce all the estimates.

46. Defendant Great Lakes failure and refusal, as described above, to pay the adequate compensation as it is obligated to do so under the terms of the policy in question and under the laws of the State of Texas, constitutes a material breach of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

47. Defendant Great Lakes breach proximately caused Plaintiff's injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

**VIOLATIONS OF THE TEXAS INSURANCE CODE**

48. Paragraphs 1 through 47 are incorporated by reference.

49. Defendant Great Lakes conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

50. Defendant Great Lakes unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, particularly damage to the roofs and interior of the Properties, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(1) and 541.061.

51. Defendant Great Lakes unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant Great Lakes liability under the policies was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(2)(A) and 541.061.

52. Defendant Great Lakes unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policies, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. Sections 541.051, 541.060(3) and 541.061.

53. Defendant Great Lakes unfair settlement practice of refusing and failing to provide Plaintiff with estimates of damage for all the Properties, despite Plaintiff requesting all the estimates of damages. TEX. INS. CODE. Sections 541.051, 541.060(3) and 541.061.

54. Defendant Great Lakes unfair settlement practice of discovering damage and failing to tender the undisputed amount of damages for some of the Properties, despite acknowledging the payments were owed, but failing to tender the payments.  TEX. INS. CODE. Sections 541.051, 541.060(3) and 541.061.

55. Defendant Great Lakes unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of Plaintiff's claims or to submit a reservation of right to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE Section 541.051, 541.060(4) and 541.061.

56. Defendant Great Lakes unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance.  INS. CODE Section 541.051, 541.060(7) and 541.061.

57. Defendants Alacrity and Blackwell adjusted the claim for Defendant Great Lakes.  Defendants Alacrity and Blackwell were charged with investigating the claims and communicating with the Plaintiff about the policy terms and damage to the insured properties.  Insurance adjusters are "persons engaged in the business of insurance" under the Texas Ins. Code 541.001, *et. seq*., and are individually liable for their violations of the Texas Insurance Code.  *See Liberty Mut. Ins. Co. v. Garrison Contractors, Ins.,* 966 S.W. 2d 482, 486 (Tex. 1998).

58. Defendants Alacrity and Blackwell were tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claims, including discovering covered damage and fully quantifying covered damages to Plaintiff's insured Properties.

59. Defendants Alacrity and Blackwell conducted a substandard, results-oriented inspection of the Properties.  As a result, Defendants Alacrity and Blackwell failed to discover covered damages and/or fully quantify covered damage to Plaintiff's Properties, as the Policies and Texas law requires.

60. Thus, Defendants were engaged in unfair settlement practice by:

    f.  Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue; and

    g.  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability had become reasonably clear; and

    h.  Failing to provide Plaintiff with estimates of damages for all the properties; and

    i.  Failing to tender payment for undisputed damages for all the Properties; and

    j.  Failing to promptly provide Plaintiff a reasonably explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant Great Lakes denial of a claim or offer of a compromise settlement of a claim; and/or

    k.  Each of the aforementioned unfair settlement practices was committed knowingly by Defendants Alacrity and Blackwell were a producing cause of Plaintiff's damages. Defendants Alacrity and Blackwell are therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**FRAUD**

61. Paragraphs 1 through 60 are incorporated by reference.

62. Defendants are liable to Plaintiff for common law fraud.

12

## CONSPIRACY TO COMMIT FRAUD

63. Paragraph 1 through 62 are incorporated by reference.

64. Defendants are liable to Plaintiff for conspiracy to commit fraud.

65. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

66. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, there causing Plaintiff to suffer injury and constituting common law fraud.

## KNOWLEDGE AND INTENT

67. Paragraphs 1 through 66 are incorporated by reference.

68. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally" by Defendants with conscious indifference to the harm that would result to Plaintiff and were producing causes of Plaintiff's damages described herein.

## VIII.
## DAMAGES AND PRAYER

69. Paragraphs 1 through 68 are incorporated by reference.

70. Plaintiff, complains of Defendants and prays Defendants be cited to appear and answer and on the final trial of the merits, Plaintiff recovers from Defendants the following:

71. Plaintiff would show that all of the above-mentioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

72. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid

pursuant to the policy, including, but not limited to, direct and indirect consequential damages, mental anguish, court cost and attorney's fees.

**<u>JURY DEMAND</u>**

Plaintiff demands a jury trial and has tendered the appropriate fee.

Respectfully submitted,

By: _____

James Carlos Canady
Texas State Bar No.: 24034357
2323 South Shepherd Drive, Suite 805
Houston, TX 77019
Telephone No.: (713) 221-2551
Facsimile No.: (713) 221-2552
Email: ccanady@canadylawfirm.com

**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing ***Plaintiff's Amended Complaint*** has been forwarded to all known counsel of record listed below via certified mail, return receipt requested, facsimile, email or hand delivery on this the 15th day of March 2022.

Jake Kaufman Via Email:              jkauffman@gallowaylawfirm.com
Les Pickett Via Email:              lespickett@gallowaylawfirm.com
Galloway, Johnson, Tompkins, Burr & Smith
1301 McKinney, Suite 1400 Houston, TX 77010

<span style="margin-left:50%;">*/s/ CarlosCanady*</span>
<span style="margin-left:50%;">Carlos Canady</span>